386 P.2d 54

Ival L. ANDERSON, Plaintiff-Respondent,

v.

Arden K. LEE, Defendant-Appellant.

No. 9331.

Supreme Court of Idaho.

Oct. 24, 1963.

---

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

Reed J. Bowen, Idaho Falls, for respondent.

TAYLOR, Justice.

This action was commenced May 18, 1962. Plaintiff (respondent) alleged that he was employed by defendant (appellant) to do farm and carpenter work between April 1, 1960, and October 5, 1960, at an agreed wage of $1.50 per hour for farm work and $2.50 per hour for carpenter work; that during said period he did farm and carpenter work for defendant for which defendant became indebted to him in the sum of $1324, $720 of which was paid him. He prayed judgment for a balance of $604 and attorney's fees.

Defendant admitted the employment; alleged that the agreed wage was $1.25 per hour for all work performed, plus the use and occupancy of a tenant house upon defendant's farm during the period of employment; that he had paid plaintiff $718.75; that plaintiff worked approximately 700 hours between April 1st and October 5th, 1960; that plaintiff continued to occupy the tenant house after the period of employment for an additional eight months, and that the rental value thereof was $50 per month; that the balance of wages owed to plaintiff in the sum of approximately $155 was more than offset by the value of the use of the house after plaintiff's employment had ceased. By way of counterclaim defendant sought judgment against plaintiff for the difference of $245. Defendant also alleged that the action was barred by the provision of I.C. § 45–608.

Defendant's motions for dismissal, for directed verdict, and for judgment notwithstanding the verdict, pursuant to I.R.C.P. Rule 50(b), all grounded upon the bar of the statute of limitations, were denied by the trial court. This appeal was taken from the judgment entered on the verdict in favor of the plaintiff, and presents the sole question as to whether the action was barred by the statute.

The limitation statute relied upon is as follows:

"Any person shall have the right to collect salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be commenced in a court of competent jurisdiction within two (2) years after the cause of action shall have accrued, provided, however, that in the event salary or wages have been paid to any employee and such employee claims additional salary, wages, overtime compensation, penalties or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment, any action therefor shall be commenced within six (6) months from the accrual of the cause of action. It is further provided that if any such cause of action has accrued prior to the effective date of this act, and is not barred by existing law, action thereon may be commenced within six (6) months from the effective date of this act. In the event an action is not commenced as herein provided, any remedy on the cause of action shall be forever barred." I.C. § 45–608.

This section was added to our statutes by the 1947 session of the legislature. 1947 S.L., c. 36, § 1, p. 36.

The agreement between the parties was for an hourly wage, without any fixed

period or duration for such employment, and no time was fixed for the payment of wages earned. In such case the wages became due when the services had been rendered. 35 Am.Jur., Master and Servant, § 73; 56 C.J.S. Master and Servant § 119b; Annotation 2 A.L.R. 522.

Plaintiff's cause of action accrued October 6, 1960. Plaintiff's action was commenced May 18, 1962, less than two years, but more than six months, after the accrual of the cause. The question presented is, which period is applicable in this case?

It is admitted that "salary or wages have been paid to" plaintiff, the employee. It is also clear that "such employee claims additional salary [or] wages * * * because of work done or services performed during his employment." However, there is a direct conflict in the evidence as to whether plaintiff claims additional wages "for the pay period covered by said payment." The evidence shows payments made by defendant to plaintiff during the course of his employment as follows: April 22nd, $100; May 8th, $103; June 11th, $102.50; June 22nd, $114.75; August 3rd, $300.

Plaintiff testified that no settlement or accounting was had between the parties; that the payments made had no direct relation to hours worked, but were merely payments on account, the amount of each payment being determined by the amount of money needed and requested by the plaintiff at time each payment was made.

Defendant testified that the first four payments were made in full payment of wages earned, at $1.25 per hour, up to the date of the respective payments, and agreed that the August 3rd payment of $300 was paid on account in the amount which plaintiff stated he needed at that time.

█ If the payments were made on account, as claimed by plaintiff, then no particular pay period was covered by such payments, or any of them, and the statute limiting the period for the commencement of plaintiff's action to six months would not apply, because in such case plaintiff would not be claiming additional wages for the pay period covered by any of the payments made. His claim, in that case, would be for an unpaid balance applicable to the entire period of his employment. On the other hand, if the first four payments were made to cover the full amount earned by plaintiff at $1.25 per hour, up to the time of making of the respective payments, plaintiff's pay period from the commencement of his employment to June 22nd would have been covered by the payments made, and plaintiff would in that case be claiming additional wages "for the pay period covered by said payment." In such case his action would be barred by the six-month provision of the statute. But in

view of defendant's admission that the last payment of $300 was paid on account only, such payment did not constitute payment of salary or wages for the remainder, or any particular portion of plaintiff's period of employment; and plaintiff's action for any balance claimed for that pay period would not be barred by the six-month provision.

■ Thus, there were questions of fact as to whether defendant's first four payments to plaintiff constituted the payment of salary or wages "for the pay period[s] covered by said payment[s]," and whether the action by plaintiff was for additional salary or wages claimed for those pay periods, and consequently was barred by the six-month provision. Such issues of fact were not submitted to the jury by the court in its instructions. The jurors should have been instructed that if they found that the first four payments were made on account, as claimed by plaintiff, then his action was not barred; but, if such payments were made in the manner claimed by defendant, then the action as to the first four pay periods was barred, and their verdict, insofar as those periods were concerned, would be for the defendant.

The judgment is reversed and the cause is remanded for a new trial.

Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.