691 P.2d 1296

**Terry NEAL, Plaintiff-Appellant,**

v.

**IDAHO FOREST INDUSTRIES, INC., an Idaho corporation, Defendant-Respondent.**

**No. 14900.**

Court of Appeals of Idaho.

Nov. 30, 1984.

682

Stephen L. Beer, Boise, for plaintiff-appellant.

James M. English, Coeur d'Alene, for defendant-respondent.

Special Panel HUNTLEY, Acting C.J., and McFADDEN and TOWLES, Acting JJ.

TOWLES, Acting Judge.

The primary issue on appeal is whether or not the refusal to pay a bonus guaranteed to an employee entitles that employee to treble damages under I.C. § 45–615(4) and attorney fees pursuant to I.C. § 45–605.

Neal was general manager of the Boise division of Idaho Forest Industries, Inc. (hereinafter referred to as I.F.I.) from 1974 until his termination on August 31, 1981. At termination Neal was earning a salary of $4,060 per month. This action resulted after I.F.I. failed to pay one month's salary plus a 60-day bonus claimed by Neal to be due on termination.

The district court found that on or about July 27, 1981, I.F.I.'s president, W.T. Richards, met with Neal and advised him that I.F.I. intended to liquidate or sell the company's Boise division within 60 days. At a subsequent meeting, Richards requested that Neal remain with the company until the Boise division was closed or sold and that if Neal agreed to remain (up to 60 days from August 1st), Neal would receive 60 days' additional salary as consideration for such agreement. The court also found that Neal remained with I.F.I. until the company was sold to Hodge Lumber Company on August 31, 1981 and that a memo dated August 5, 1981, clarifying the 60-day "pay bonus" was issued by Neal to I.F.I.'s president, stating as follows: "The 'bonus pay' would not be paid to any individual who continued uninterrupted employment with the new owner in the event the operation is sold." The court further found that Neal was offered a position with Hodge, but did not accept it, and that the new position was different and at a lower wage than Neal's former position and could not be considered uninterrupted employment because "uninterrupted employment" as referred to in the August 5th, 1981, memo meant employment involving the same job or job opportunities.

The foregoing findings of fact were based upon substantial and competent evidence and will not be disturbed on appeal.

The trial court concluded that Neal was only entitled to his salary up to August 31, 1981 (which was paid by I.F.I.) but was further entitled to the 60-day bonus pursuant to the agreement. However, the court concluded that the bonus was not a wage as defined in I.C. § 45–609, and that none of the penalties prescribed in chapter 6, title 45, Idaho Code, apply. This latter conclusion of the court was error, and we therefore reverse.

*Goff v. H.J.H. Co.*, 95 Idaho 827, 521 P.2d 661 (1974), and *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 679 P.2d 640 (1984), are dispositive of the principal issues here. In *Goff*, the Court held that an unpaid commission was a "wage" within the definition of "wages" in I.C. § 45–609 and that the treble damages penalty set forth in I.C. § 45–615(4) was mandatory. *Johnson* reaffirmed the prior case of *Thomas v. Ballou Latimer Drug Co.*, 92 Idaho 337, 442 P.2d 747 (1968), which held that a "bonus" was part of the compensation bargained for in the agreement of employment.

 We therefore hold that the 60-day "bonus" was a part of the agreed upon compensation in the employment contract and was a "wage" as defined in I.C. § 45–609. Neal is therefore entitled to the treble damages provided by I.C. § 45–615(4) in the amount of $24,360.

However, we affirm the trial court's determination that the mandatory attorney fees provided for in I.C. § 45–605 are not allowable. Here, Neal brought suit for his salary for the month of September, 1981, plus the 60-day bonus, for a total of $12,-180, and prayed for treble damages. The trial court awarded $8,120. This Court has affirmed that amount as the sum justly due.

Construing I.C. § 45–605, *Fish v. Fleishman*, 87 Idaho 126, 391 P.2d 344 (1964), held that "since [the employee's] demand is greater than the amount the trial court found him to be lawfully entitled, the trial court erred in awarding attorney fees." *Id.* at 134, 391 P.2d at 349. The holding of *Fish* is applicable here.

The judgment denying Neal attorney fees and salary for the month of September, 1981, is affirmed. We reverse the denial of treble damages for the 60-day bonus and remand to the trial court with instructions to amend the judgment to provide that the Neal recover from I.F.I. the sum of $24,360, plus interest at the rate of 12% per annum from September 1, 1981, to February 3, 1983 (the date of the first amended judgment), plus costs of $56.49. From and after February 3, 1983, the judgment shall bear interest as provided by law.

Costs on appeal to appellant. No attorney fees awarded.

HUNTLEY, ACTING C.J., and McFADDEN, Acting J., concur.