715 P.2d 987

**William W. FLETCHER, as Receiver in the Circuit Court of the State of Oregon, for the County of Union, Plaintiff-Respondent,**

v.

**Robert ANTHONY, Defendant-Appellant.**

No. 15689.

Supreme Court of Idaho.

March 3, 1986.

William J. Tway, Boise, for defendant-appellant.

Donald E. Downen, Caldwell, for plaintiff-respondent.

Before DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., and McFADDEN, J. Pro Tem.

PER CURIAM.

Robert Anthony is an Idaho sheepman. Merle Eakin is an Oregon sheepman. In

1982, Anthony had some of his sheep for sale and a sale to Eakin was discussed. Later, Eakin came into Idaho, took the sheep into Oregon, leaving a written memorandum at Anthony's place which stated his agreement to purchase 2,140 of Anthony's sheep for $117,865 and to pay that amount in installments of $25,000, the first due within ten days, and the balance to be paid in October. The writing stated that Anthony would retain a security interest in the sheep involved. However, no security interest covering this transaction was filed in Oregon or Idaho.

At that time, Eakin owed Northwest Livestock Production Credit Association for a loan which was protected by a filed security interest in all sheep Eakin then owned and might thereafter acquire. Anthony's sheep were also subject to a filed security interest which was held by Western Idaho Production Credit Association. Western Idaho's security interest was on file in Oregon as well as in Idaho prior to the time Eakin took possession of Anthony's sheep as aforesaid.

After delivery of the Anthony sheep to Eakin, Eakin defaulted on his loan obligation with Northwest Livestock PCA. Northwest Livestock PCA instituted foreclosure proceedings in which an Oregon court appointed William Fletcher as receiver. Fletcher inventoried the sheep in June 1982, and counted 1,330 sheep in Eakin's possession.

In September 1982, Anthony, having received no payment from Eakin, went to Eakin's ranch in Oregon and retrieved 2,045 head of sheep. Anthony then sold 1,220 head of the retrieved sheep for $48,-400. Fletcher, armed with Northwest Livestock PCA's security agreement, filed suit in Idaho against Anthony in pursuit of the monies which Anthony had received on his sale, claiming that his lien attached to the proceeds of sale of the liened sheep.

The district court held for Fletcher and awarded him $81,800, computed at $40.00 per head. Anthony meanwhile defaulted

on his obligation to Western Idaho PCA, and, in foreclosure on real property owned by Anthony, Western Idaho PCA satisfied its loan except for a balance of approximately $15,000.

Anthony's primary argument on appeal is that Eakin never acquired ownership of the sheep. The contention is that the contract between the two parties was never "consummated," and hence never became subject to Northwest Livestock PCA's after-acquired clause. The district court did not accept that argument, and we are not persuaded of any error.

■ The question of whether two parties have entered into a contract is a factual determination. *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 368, 679 P.2d 640, 645 (1984); *Shields & Co., Inc. v. Green*, 100 Idaho 879, 882, 606 P.2d 983, 986 (1980). Our review has been confined to determining whether the district court was clearly erroneous in its finding that Anthony and Eakin had entered into a contractual relationship. *Rueth v. State*, 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982); *Jensen v. Bledsoe*, 100 Idaho 84, 87, 593 P.2d 988, 991 (1979).

■ Substantial and competent evidence supports the district court. There was delivery, albeit that Eakin was the active party in the delivery, and Eakin signed a note or memorandum obligating himself to pay—which note apparently was not returned by Anthony. To the contrary, the record shows that Anthony filed suit in Oregon against Eakin alleging a breach of that contract, which Eakin answered by admitting that he had agreed to such purchase. Accordingly, we affirm the district court's finding that a valid contract existed between the parties.

Anthony also argues that his rights to reclaim the sheep because of Eakin's default are paramount to Fletcher's rights under the security agreement between Eakin and Northwest Livestock PCA, citing to I.C. §§ 28-2-702 and -703.[1] Where this

---

1. I.C. § 28-2-702 reads in pertinent part as follows:

issue was not raised by Anthony in district court proceedings, we do not consider it here. *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 460, 649 P.2d 1214, 1216 (1982).

Affirmed with costs to respondents; no attorney's fees.

(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten (10) days after the receipt.
I.C. § 28–2–703 states in pertinent part:
Where the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery ... then

with respect to any goods directly effected ... the aggrieved seller may
. . . .
(d) resell and recover damages as hereafter provided [section 28–2–706]
. . . .
(f) cancel.