807 P.2d 630

**James W. LATHAM,**
**Plaintiff–Appellant,**

v.

**HANEY SEED COMPANY, a corpora-**
**tion, Defendant–Respondent.**

**No. 18835.**

Supreme Court of Idaho,
Twin Falls, November 1990 Term.

Feb. 21, 1991.

Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, for plaintiff-appellant. Lloyd J. Webb, argued.

Holland & Hart, Langroise, Sullivan, Boise, for defendant-respondent. Debra K. Ellers, argued.

JOHNSON, Justice.

This is an employment benefits case. The only issue presented is whether the two-year statute of limitations contained in

I.C. § 45–608 or the five-year statute of limitations contained in I.C. § 5–216 is applicable. We hold that the two-year statute is applicable and affirm the summary judgment of the trial court dismissing the complaint. In doing so, we distinguish *Whitlock v. Haney Seed Co.*, 114 Idaho 628, 759 P.2d 919 (Ct.App.1988).

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

James W. Latham began working as a salaried employee of Haney Seed Company (Haney) in the early 1960's. In 1971 and 1973, Haney entered into agreements with Latham to provide Latham with retirement benefits. In each of these agreements, Haney agreed to purchase a $50,000.00 ordinary life insurance policy insuring Latham. Haney was named as the beneficiary of the policies and paid the premiums. These policies were to vest in Latham if Latham's employment was terminated because Haney went out of business.

In the early 1980's, Haney was in dire financial straits and was taken over by a bank. In 1983, Latham's employment with Haney was terminated. Following the termination of Latham's employment, Haney failed to transfer the insurance policies to Latham.

In 1987, Latham sued Haney seeking to recover $100,000.00, representing the face amount of the two insurance policies, and to have this amount trebled pursuant to I.C. § 45–615. Haney moved for summary judgment on the ground that the two-year statute of limitations contained in I.C. § 45–608 applied. The trial court granted summary judgment dismissing the complaint. Latham appealed. This Court suspended the appeal and remanded the case to allow the trial court to reconsider the summary judgment in light of *Whitlock v. Haney Seed Co.*, 114 Idaho 628, 759 P.2d 919 (Ct.App.1988). In *Whitlock*, our Court of Appeals held that I.C. § 45–615(4), which provides that a judgment for unpaid wages shall be for three times the amount of unpaid wages, was not applicable to a claim

by Whitlock, another employee of Haney. Whitlock sought the cash value of a life insurance policy that was provided for Whitlock under an agreement similar to the agreements between Haney and Latham that are the subject of this case.

Following the remand in this case, the trial court reaffirmed its initial ruling and the case was returned to this Court for continuation of the appeal. We assigned the case to the Court of Appeals which vacated the summary judgment on the ground that the five-year limitation contained in I.C. § 5–216 applied. On Haney's petition, we granted review.

## II.

### THE TWO–YEAR STATUTE OF LIMITATIONS CONTAINED IN I.C. § 45–608 APPLIES.

Latham asserts that the five-year statute contained in I.C. § 5–216 applies to Latham's claims in this case. We disagree.

I.C. § 5–216 provides that "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" must be commenced within five years. Counterposed against this statute is I.C. § 45–608, enacted in 1947 (1947 Idaho Sess. Laws, ch. 36, § 1, pp. 36–37), which provides, in part:

Any person shall have the right to collect salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be commenced in a court of competent jurisdiction within two (2) years after the cause of action shall have accrued, ... In the event an action is not commenced as herein provided, any remedy on the cause of action shall be forever barred.

At the time Latham commenced this lawsuit, I.C. § 45–609(3) stated:

45–609. Definitions.—Whenever used in *this act:*

. . . .

3. "Wages" means compensation for labor or services rendered by an employee,

whether the amount is determined on a time, task, piece or commission basis. (Emphasis added.) This definition was enacted in 1967. 1967 Idaho Sess. Laws, ch. 436, § 1, pp. 1469–70. The "act" referred to in I.C. § 45–609 was the act contained in chapter 436 of the 1967 session laws. This act did not include I.C. § 45–608 but did include I.C. § 45–615, the statute that was at issue in *Whitlock.* We note in passing that in 1989, the legislature amended I.C. § 45–609 by redesignating it as I.C. § 45–601 and by changing the introductory clause to state: "Whenever used in *this chapter:* ...." 1989 Idaho Sess. Laws, ch. 280, § 1, pp. 677–78 (emphasis added).

This legislative history convinces us that when Latham commenced this lawsuit the definition of "wages" contained in I.C. § 45–609(3) [now I.C. § 45–601(3)] did not apply to I.C. § 45–608. The significance of this is two-fold: (1) in construing I.C. § 45–608 in this case, the definition of wages in I.C. § 45–609(3) was not applicable, and (2) in construing I.C. § 45–615 in *Whitlock,* our Court of Appeals was correct in applying the definition of wages in I.C. § 45–609(3).

With this analysis in mind, we hold that at the time Latham commenced this action, I.C. § 45–608 required that any action to collect salary pursuant to a contract of employment must be commenced within two (2) years after the cause of action accrued. Latham's action accrued in 1983. Since he did not commence this action until 1987, the trial court was correct in granting summary judgment dismissing the complaint, if I.C. § 45–608 applied to Latham's claims.

The key question then becomes whether the retirement benefits provided to Latham by the agreements with Haney in 1971 and 1973 were part of Latham's salary, as referred to in I.C. § 45–608. Prior decisions of this Court applying I.C. § 45–608 indicate that the benefits should be considered part of Latham's salary under the statute.

In construing I.C. § 45–608 in *Thomas v. Ballou–Latimer Drug Co.,* 92 Idaho 337, 442 P.2d 747 (1968), this Court held that a bonus promised to an employee "was not a

gratuity, but was part of the compensation bargained for in the agreement of employment." *Id.* at 342, 422 P.2d at 752. In applying I.C. § 45–608 in *Johnson v. Allied Stores Corp.,* 106 Idaho 363, 679 P.2d 640 (1984), this Court relied on *Thomas* by analogy in holding that severance pay "is also a component of the compensation in an employment agreement." *Id.* at 367, 679 P.2d at 644. In *Johnson,* the Court pointed out that severance pay "is not attributed to, or earned in a specific pay period, but, is earned over the entire course of the employment relationship." *Id.* The severance pay in *Johnson* was equal to two weeks of the employee's average base salary for each year of service. *Id.* at 366, 679 P.2d at 643. The retirement benefits in this case can be characterized in a similar fashion. The cash value of the policies increased each year, but the benefits to which Latham was entitled were earned over the entire course of the employment relationship and were not attributed to nor earned in a specific pay period.

While the issues in *Thomas* and *Johnson* did not involve the application of the five-year statute contained in I.C. § 5–216, these cases do indicate that I.C. § 45–608 applies to forms of compensation other than the payments that are made to employees on a periodic basis during their employment. These cases convince us that I.C. § 45–608 applies to an action to recover the retirement benefits such as those in this case.

This conclusion is also reinforced by the characterization of a group term disability insurance policy in *Guy v. Guy,* 98 Idaho 205, 560 P.2d 876 (1977). The question in *Guy* was whether the benefits provided by the policy were community property or separate property. However, this Court's statement that the disability benefits "are to be paid as partial consideration for past employment" (*Id.* at 207, 560 P.2d at 878) lends support to the conclusion that the retirement benefits promised to Latham were also part of his salary even though they were not part of the periodic payments he received for his services.

Latham testified in his deposition that the life insurance policies were part of the compensation he bargained for to stay with Haney. This also reinforces our conclusion that the retirement benefits that Haney promised to provide for Latham were a deferred form of salary and that the two-year limitation applies.

I.C. § 5–201 provides that "[c]ivil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." Since I.C. § 45–608 prescribes a special limitation, the more general five-year limitation in I.C. § 5–216 is not applicable.

## III.

### *WHITLOCK* DISTINGUISHED.

Although the conclusion we have reached may seem to be at odds with the decision of the Court of Appeals in *Whitlock*, there is a clear distinction between the two cases. *Whitlock* dealt with the applicability of the treble damage provision of I.C. § 45–615(4), which states:

> Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, ... shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid *wages* found due and owing.

(Emphasis added).

As we have noted above, I.C. § 45–609(3) [now I.C. § 45–601(3)] defines "wages" as used in I.C. § 45–615(4) to mean "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece or commission basis." The rationale of the Court of Appeals in holding that the benefits of the life insurance policy that were at issue in *Whitlock* were not "wages" was that it was not "compensation earned in increments as services are performed." 114 Idaho at 634, 759 P.2d at 925. This result was dictated by the definition of wages in I.C.

§ 45–609(3). Our decision here is not controlled by that definition.

## IV.

### CONCLUSION.

We affirm the summary judgment granted by the trial court.

We award costs to Haney. No attorney fees were requested.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.