950 P.2d 1275

**Kevin HUTCHISON and Robert Hutchison, Plaintiffs–Respondents,**

v.

**Hal T. ANDERSON and American West Enterprises, Inc., Defendants–Appellants.**

No. 23022.

Court of Appeals of Idaho.

Dec. 17, 1997.

Ling, Nielsen & Robinson, Rupert, for appellants. Brent T. Robinson argued.

Ingram Law Office, Burley, for respondents. Mark A. Ingram argued.

PERRY, Judge.

Hal T. Anderson and American West Enterprises, Inc. appeal from the district court's judgment awarding back wages, treble damages, prejudgment interest, costs and attorney fees. For the reasons set forth below, we affirm the judgment in all respects, except that we vacate the award of attorney fees.

## I.

### FACTS AND PROCEDURE

Anderson is the president of American West, and all of the shareholders of American West are in Anderson's immediate family. Anderson has placed most of his family's assets into the corporation, but there is little or no equity in the assets Anderson used to capitalize the corporation. American West's primary business is farming.

The Hutchison brothers, Kevin and Robert, began working for Anderson in April 1989. The agreement was that the Hutchisons would each be paid $6 an hour. In the first year of the Hutchisons' employment, Anderson fell behind in wage payments. Toward the end of that year, in September 1989, Anderson completely paid off his overdue debt. However, immediately thereafter, Anderson again went into arrears. Initially, Anderson gave the Hutchisons time sheets on which they recorded their hours. Anderson ran out of time sheets around June 1990, but the Hutchisons continued to record their time in individual notebooks. In June 1990, Anderson began making $500 payments to the brothers twice monthly.

Both brothers were eventually terminated. They each claimed Anderson owed them money for unpaid wages. When it became apparent that Anderson was not going to voluntarily pay their claims, Kevin and Robert filed separate complaints on the same day, each alleging breach of contract, naming both American West and Anderson as defendants.

The cases were consolidated and a court trial was conducted. Anderson testified that the original $6 an hour arrangement was modified in June 1990, and the Hutchisons then became salaried employees, to be paid $500 twice monthly. The district court, however, found that Anderson's testimony was not credible in this regard and determined that the agreement for the entire term of the employment relationship was that the Hutchisons would be paid $6 an hour.

At trial, there was no dispute that Kevin was terminated March 3, 1992. There was, however, a dispute regarding the date of Robert's termination. Anderson alleged that Robert was terminated November 27, 1991, because Anderson was no longer satisfied with Robert's services. The district court found Anderson's testimony was inconsistent with other testimony that Robert had moved into a house on Anderson's property and had made improvements to the house after November 27, 1991. Therefore, the district court determined that Robert was terminated December 23, 1991.

The district court made findings of fact and conclusions of law, and awarded judgment to the Hutchisons for back wages and attorney fees, in addition to treble damages pursuant to I.C. § 45–617(4), court costs and prejudgment interest. Following a motion by Anderson, the district court amended its judgment, ordering that Anderson and American West pay Kevin $10,428.30 for back wages and treble damages, plus $1,318.98 for prejudgment interest; pay Robert $10,841.49 for back wages and treble damages, plus $1,455.43 for prejudgment interest; pay Robert and Kevin $154.18 for court costs and $7,213.26 for attorney fees. Anderson and American West appeal.

## II.

### DISCUSSION

Anderson raises several issues on appeal. Anderson claims there was not substantial evidence to support the district court's finding that Anderson should be personally liable for American West's debt and further argues that the district court made other findings of fact which were unsupported by the evidence. Anderson also claims the district court erred by awarding attorney fees.

### A. Substantial Evidence

Anderson claims that there was not substantial evidence to support four different findings of fact made by the district court. First, Anderson argues that he should not be held personally responsible for American West's debt. Second, Anderson contends that Robert was terminated November 27, 1991, and therefore the statute of limitation ran on Robert's suit two days before it was filed. Third, Anderson claims there was in-

sufficient evidence to support the district court's finding that the employment agreement remained hourly during the duration of the employment relationship. Finally, Anderson argues the district court failed to properly credit him with compensation Anderson provided to the Hutchisons.

First, we note that this Court will not set aside findings of fact of the district court if supported by competent and substantial evidence. *Ernst v. Hemenway and Moser Co., Inc.*, 126 Idaho 980, 987, 895 P.2d 581, 588 (Ct.App.1995). Substantial evidence is that which a reasonable trier of fact would accept and rely upon in determining whether a point of fact has been proven. *Id.* The party challenging the findings has the burden of showing error, and this Court will review the evidence in the light most favorable to the prevailing party. *Id.*

## 1. Anderson's personal liability

■ Anderson argues that he should not be held personally liable for American West's debt. The district court found that there was such a unity of interest and ownership between Anderson and American West that the separate personalities of the individual and the corporation no longer existed and that if American West was held solely liable an inequitable result would follow.

■ We must review the law of corporate entities in order to determine whether there was substantial evidence to support the district court's finding that Anderson should be held personally liable. Generally, a corporate status limits liability. I.C. § 30-1-25. A court may disregard the corporate entity if two requirements are met. First, there must be such a unity of interest and ownership that the separate personalities of the corporation and individual no longer exist. *Surety Life Ins. Co. v. Rose Chapel Mortuary, Inc.*, 95 Idaho 599, 601, 514 P.2d 594, 596 (1973); *Baker v. Kulczyk*, 112 Idaho 417, 420, 732 P.2d 386, 389 (Ct.App.1987). Second, there must be a showing that, if the acts are treated as those of the corporation, an inequitable result will follow or that it would sanction a fraud or promote injustice. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 917, 591 P.2d 1078, 1084 (1979); *Baker*, 112 Idaho at 420, 732 P.2d at 389. There are several factors we will review when considering whether the corporate veil should be pierced. For example, was the sole shareholder acting as president of the corporation; was there a lack of corporate formalities, such as directors' meetings; did the shareholders fail to submit corporate contract and inventory revisions to the board of directors; and were business transactions completed without approval by any director or officer of the corporation. These factors are not exclusive because the conditions under which a corporate entity may be disregarded vary according to the circumstances of the case. *Surety Life*, 95 Idaho at 601, 514 P.2d at 596.

After a thorough review of the record, we determine that there was substantial competent evidence to support the district court's finding that Anderson should be held personally liable for American West's debt. The first inquiry to pierce the corporate veil is whether the separate personalities of the person and the corporation were indistinguishable. The record reveals that Anderson was in complete control of the corporation. The district court noted that not only was he president, but all of the shareholders were members of his immediate family. Anderson testified that the corporation had annual meetings for its board of directors, but did not introduce minutes from those meetings into evidence. The district court found that Anderson held himself out as the owner of the farming business. With the exceptions of a truck which had the corporation's name on its door and checks which were drawn on a corporate account, there appeared to be no demonstration that Anderson represented to the community that American West was an entity separate from Anderson. The district court found that Anderson used his name interchangeably with the corporation's when dealing with third party vendors. Thus, there is sufficient evidence to support the district court's finding that a unity of interest existed such that there was no distinction between the personalities of Anderson and American West.

The second inquiry we must make to pierce the corporate veil is whether an inequitable result would follow if only the corpo-

ration was held liable. The district court found that American West was undercapitalized. Any attempt to collect on a judgment against American West would probably be futile. Therefore, we conclude that there was substantial competent evidence to support the district court's finding that the only equitable result would be to hold Anderson and American West jointly and severally liable.

### 2. Statute of limitation

 Anderson asserts that the statute of limitation ran on Robert's claim for past due wages. Idaho Code Section 45–614 provides that when an employee has been paid wages, but seeks additional wages, the employee must file suit within six months of the accrual of the cause of action. Generally, the cause of action begins to accrue when the employee has a right to collect the salary or wages. *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 367, 679 P.2d 640, 644 (1984). However, if payments are made on account, rather than for a specific pay period, the cause of action for the arrears does not accrue. *Anderson v. Lee*, 86 Idaho 300, 303, 386 P.2d 54, 56 (1963); *see also Johnson*, 106 Idaho at 367, 679 P.2d at 644. The Idaho Supreme Court has also held that a cause of action for wages does not accrue if the employee reasonably relies on the employer's continued promise to pay. *Gilbert v. Moore*, 108 Idaho 165, 167–68, 697 P.2d 1179, 1181–82 (1985). If the reliance is justified, then the employer is estopped from asserting the statute of limitation as a defense. *Id.*

Anderson alleges Robert was terminated November 27, 1991, because Robert stopped recording his hours in his notebook on this date. Therefore, Anderson contends, the statute of limitation on Robert's cause of action expired six months later on May 27, 1992—two days before Robert filed his complaint on May 29, 1992. The district court found that the brothers were paid on an account basis, that Robert was not formally terminated until December 23, 1991, and that his May 29, 1992, filing therefore was well within the six-month time limit. Robert testified that he stopped doing farm work for Anderson on November 27, 1991, because it

was the off season. However, Robert testified that during this time he worked for Anderson making improvements on the Gilbert house, which was owned by Anderson and American West. Anderson testified that Robert was terminated because Robert's work performance was unsatisfactory, but the district court did not find Anderson's testimony credible. The district court reasoned that if Anderson had terminated Robert, Anderson would not have allowed Robert to move into the Gilbert house. The district court also noted that Anderson's testimony regarding Robert's job performance was inconsistent with a letter of recommendation written by Anderson on Robert's behalf, in which Anderson praised Robert's dependability, responsibility and willingness to work. Finally, Anderson issued two checks to Robert, subsequent to November 27, 1991, in the amount of $500. Anderson characterized these as bonuses when he testified. The district court found that Anderson would not have given bonuses to an employee who had just been terminated or to an employee whose work performance was unsatisfactory. We conclude that there was substantial competent evidence to support the district court's finding that Robert was terminated on December 23, 1991, and that Robert's May 29, 1992, filing date for this suit was within the six-month statute of limitation prescribed by I.C. § 45–614.

### 3. Hourly payment schedule

 Anderson claims there was insufficient evidence to support the district court's finding that the employment agreement remained hourly during the duration of the employment relationship. Anderson asserts that there were inconsistencies in the Hutchisons' testimony and records which make their stories implausible and that the only logical conclusion which could be drawn from the evidence is that the brothers were salaried employees who were to be paid $500 twice a month.

The district court explained in great detail why it found the employment agreement was for hourly compensation. The district court relied on Anderson's past and present practices. The district court found that

Anderson made it a habit to become indebted to the brothers, and when he became indebted he would make nonspecific payments in an attempt to minimize his arrears. The district court also relied on the notebooks which the Hutchisons maintained. The district court pointed out that the Hutchisons would not have been keeping track of their hours if they believed themselves to be salaried employees. Most important to the district court was the lack of an agreement between the parties that the Hutchisons would become salaried employees. The district court found that any decision to make the Hutchisons salaried employees would have been strictly unilateral because they had never agreed to such terms. Anderson testified that the parties had agreed to a salaried arrangement, but the district court found that Anderson was not credible. The district court did note some inconsistencies in the Hutchisons' testimony, but attributed the inconsistencies to the Hutchisons' lack of sophistication. In contrast, the district court determined that Anderson's demeanor on the stand was suspect, his testimony was inconsistent, and he avoided answering questions which the district court believed to be of the utmost importance. We hold that there was substantial competent evidence to support the district court's finding that the employment agreement was hourly.

#### 4. Credit for compensation provided

■ Anderson claims that the district court failed to deduct credits from the amount which he owed Kevin and Robert. Specifically, Anderson claims he did not receive credit for insurance benefits and two horses. Anderson also claims the district court improperly awarded the Hutchisons credit for hours which Anderson claims they did not work.

Anderson's claim regarding the insurance benefits is without merit. The insurance benefits were determined to be a bonus. Anderson offered no evidence that the insurance was intended to be in lieu of compensation. In fact, Anderson testified that the insurance was a benefit provided in addition to Kevin and Robert's pay.

Anderson's claim that he should have been credited $3,000 for two horses is discredited by his own testimony. Anderson testified that the horses were a bonus. Therefore, there was no agreement that the horses were a part of Kevin and Robert's base compensation, and the district court properly refused to give Anderson credit for that amount.

■ Next, Anderson claims the district court improperly credited Kevin with hours Kevin worked between January 22, 1992, and March 3, 1992. The district court found that Kevin worked 232 hours during this time. Anderson claims this finding was speculative because Kevin did not record his hours in his notebook. The district court found Kevin's testimony that he worked forty hours a week during this time period to be credible. We find no reason to disregard the district court's finding.

■ Finally, Anderson claims that the 112 hours Robert spent on the Gilbert house were for Robert's own benefit and the district court erred when it made Anderson accountable for those hours. However, Anderson testified that Robert moved into the house in order to fix it up. Anderson's testimony indicates that the work would benefit Anderson because the property was owned by Anderson and American West. Therefore, there is substantial evidence which supports the district court's finding that the 112 hours Robert worked on the Gilbert house were done while under the employ of Anderson.

#### B. Attorney Fees

■ The Hutchisons' complaints, both filed on the same day, are virtually identical except for a few differences in the amounts claimed and the dates of employment. Count one of the complaints is a breach of contract claim in which the Hutchisons claim a right to attorney fees pursuant to I.C. § 12–120. Count two of the complaints is a wage claim filed pursuant to I.C. § 45–617(4) in which the Hutchisons sought treble damages and attorney fees pursuant to I.C. § 45–615. The district court awarded the Hutchisons treble damages pursuant to I.C. § 45–617(4), but then, rather than awarding attorney fees under I.C. § 45–615 as was pled in count two, awarded attorney fees pursuant to I.C. § 12–120, which was the attorney fee

requested in count one. The district court's decision to award treble damages indicates that the Hutchisons prevailed at trial on count two. Thus, the district court's reaching back into count one to award attorney fees is inconsistent with the remaining judgment. Moreover, the Hutchisons concede that they did not meet the criteria for an award of attorney fees under I.C. § 45–615. However, rather than deciding the issue solely based on this procedural point, we will address the substantive question of whether the Hutchisons could be awarded attorney fees pursuant to I.C. § 12–120 when the underlying cause of action is a wage claim pursuant to I.C. § 45–617(4).

Idaho Code Section 45–615, which allows for reasonable attorney fees in a wage claim suit, provides:

> Attorneys' fees in suits for wages.— Whenever a mechanic, artisan, miner, laborer, servant or employee or the director shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish, by decision of the court or verdict of the jury, that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least five (5) days before suit was brought, for a sum not to exceed the amount so found due, it shall be the duty of the court before which the case shall be tried to allow to the plaintiff a reasonable attorney's fee, in addition to the amount found due for wages, to be taxed as costs of suit.

Where the amount of damages sought by the employee is greater than the amount the district court finds the employee to be lawfully entitled to, the trial court may not award attorney fees under this section. *Neal v. Idaho Forest Indus., Inc.*, 107 Idaho 681, 683, 691 P.2d 1296, 1298 (Ct.App.1984). Here, both Kevin and Robert demanded higher damages than the district court ultimately awarded and therefore, the Hutchisons could not recover attorney fees under I.C. § 45–615. The district court, realizing this, did not award attorney fees under this section as was requested in count two for the wage claim; rather, the district court awarded attorney fees under I.C. § 12–120, which was requested in count one for the breach of contract claim.

Thus, the issue before this Court is whether a request for attorney fees can be granted under I.C. § 12–120 when the underlying cause of action is a wage claim brought pursuant to I.C. § 45–617. Anderson contends that I.C. § 45–615 is the exclusive section under which attorney fees can be awarded for a wage claim. The Idaho Supreme Court has held that attorney fee awards in suits for wages should be based upon I.C. § 45–615 (then I.C. § 45–605). *Schoonover v. Bonner County*, 113 Idaho 916, 923, 750 P.2d 95, 102 (1988). The Court overturned the decision of the district court which had given an award of attorney fees pursuant to I.C. § 12–121. That Court also declined to award a plaintiff both treble damages and attorney fees on appeal under I.C. § 12–121 when the plaintiff had brought a claim for wages. *Rodwell v. Serendipity, Inc.*, 99 Idaho 894, 895, 591 P.2d 141, 142 (1979). The Supreme Court held that an award of attorney fees in addition to treble damages would constitute an unreasonable windfall to the employee and would punish the employer too harshly. *Id.* Therefore, we hold that I.C. § 45–615 is the exclusive code section under which an employee can recover attorney fees when the employee properly brings a claim for wages and treble damages under I.C. §§ 45–614, –617. Thus, the district court erred when it awarded the Hutchisons attorney fees pursuant to I.C. § 12–120 as pled in count one of the complaints. We vacate the district court's award of attorney fees to the Hutchisons.

### III.

### CONCLUSION

We affirm the district court's judgment for wages, treble damages, prejudgment interest and costs, but vacate the district court's award of attorney fees to the Hutchisons. No costs or attorney fees are awarded to either party for this appeal.

LANSING, C.J., and SCHWARTZMAN, J., concur.