# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket Nos. 47687/47884/48132

|  |  |  |
|---|---|---|
| FORD ELSAESSER, in his capacity as Personal Representative of the Estate of Victoria H. Smith, | ) ) ) ) ) | |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | |
| DAVID GIBSON, an individual, dba BLACK DIAMOND COMPOST PRODUCTS, | ) ) ) ) | |
| Defendant-Appellant. | ) ) | |
| ——————————————— | ) ) | |
| FORD ELSAESSER, in his capacity as Personal Representative of the Estate of Victoria H. Smith, | ) ) ) ) | |
| Plaintiff-Respondent, | ) ) | **Boise, February 2021 Term** |
| v. | ) ) | **Opinion Filed: April 9, 2021** |
| VERNON K. SMITH, III, an individual, | ) ) | **Melanie Gagnepain, Clerk** |
| Defendant-Appellant. | ) ) | |
| ——————————————— | ) ) | |
| FORD ELSAESSER, in his capacity as Personal Representative of the Estate of Victoria H. Smith, | ) ) ) ) | |
| Plaintiff-Respondent, | ) ) | |
| v. | ) ) | |
| LAW OFFICE OF VERNON K. SMITH, LLC, an Idaho limited liability company; VERNON K. SMITH LAW, PC, an Idaho professional service corporation, | ) ) ) ) ) | |
| Defendants-Appellants. | ) ) | |
| ——————————————— | ) | |

1

From the District Court of the Fourth Judicial District, State of Idaho, Ada County. Steven Hippler, District Judge. Case No. 47687.

From the District Court of the Fourth Judicial District, State of Idaho, Ada County. Samuel Hoagland, District Judge. Case No. 47884.

From the District Court of the Fourth Judicial District, State of Idaho, Ada County. Michael J. Reardon, District Judge. Case No. 48132.

The judgments of the district courts are affirmed.

Law Office of Vernon K. Smith, PC, Boise, for Appellants. Vernon K. Smith argued.

Givens Pursley LLP, Boise, for Respondent. Alexander P. McLaughlin argued.

_____

BURDICK, Justice.

This is an appeal from three separate judgments, certified as final pursuant to Idaho Rule of Civil Procedure 54(b), ejecting three non-beneficiary parties from the property of an estate. The personal representative of the Estate of Victoria H. Smith ("the Estate") brought three separate ejectment actions against the Law Office of Vernon K. Smith, LLC, and Vernon K. Smith Law, PC (collectively "VK Law"); David R. Gibson; and Vernon K. Smith, III ("Vernon III"),[1] after each party refused his demands to vacate their respectively occupied properties. None of the parties are beneficiaries of the Estate.

The district courts granted partial judgment on the pleadings in favor of the personal representative in all three actions, entering separate judgments ejecting Gibson, Vernon III, and VK Law from the Estate's properties. On appeal, Appellants raise numerous issues relating to the personal representative's authority to eject them from the properties. Ford Elsaesser,[2] who is now the personal representative of the Estate, argues on appeal that the district courts did not err in

---

[1] The facts of these consolidated cases involve three members of the same family. Victoria H. Smith is the mother of Vernon K. Smith, Jr., who is the attorney for all three parties on appeal, including his son, Vernon K. Smith III. In an effort to avoid confusion, we refer to Victoria H. Smith by her first name, Vernon K. Smith, Jr. as simply "Vernon," and Vernon K. Smith III as "Vernon III" throughout this opinion.

[2] On October 7, 2020, Ford Elsaesser was substituted as the real party in interest after he succeeded Noah G. Hillen, the previous personal representative.

granting partial judgment on the pleadings because he had sufficient power over Estate property to bring an ejectment action on the Estate's behalf. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This consolidated appeal centers on three parcels of real property that are part of Victoria H. Smith's Estate. Victoria passed away on September 11, 2013. After Victoria's passing, the magistrate court overseeing the probate proceedings invalidated both her will and a series of transactions transferring all of her assets to a limited liability company owned by Vernon after a successful challenge by Vernon's brother. In accord with its decision, the magistrate court entered an order and judgment pursuant to Idaho Rule of Civil Procedure 70(b) vesting all of the Estate's real and personal property in the personal representative of the Estate. The three parcels of real property that are the subject of this appeal were included in the Rule 70(b) Judgment.

### A. Gibson's possession and refusal to vacate the Gowen Property: Case No. CV01-19-10368.

Since 2004, Gibson has been in possession of a portion of a 520-acre parcel of land in Ada County (the "Gowen Property"), described as "Ada County Assessor's Parcel No. S1505220000, in the Northwest 1/4 of Section 5, Township 2N, Range 2E, Boise Meridian, located off Pleasant Valley Road southwest of its intersection with West Gowen Road." Gibson operates a waste processing and composting facility on a small portion of the property, ostensibly for the purpose of spreading compost over the entire 520-acre parcel. Gibson does not own the property, but he claims that Victoria gave him permission to operate the facility, and that he now has the permission of one of Victoria's heirs, Vernon.

Reasoning that he needed to sell the Gowen Property to "(1) pay the taxes that will be owing to the I.R.S. in the amount of approximately $9 million, (2) pay ongoing Estate expenses, and (3) generate monies to effectuate a distribution to the heirs[,]" the personal representative moved the court handling the probate case to allow him to sell the property. After a hearing, the court determined that the personal representative had demonstrated good cause to sell the property and granted the motion. Deciding that Gibson's presence on the Gowen Property would make it more difficult to sell, the personal representative sent Gibson a letter on December 21, 2018, demanding that he cease all operations and vacate the property by January 31, 2019.

Gibson did not vacate the Gowen Property by the January 31 deadline and the personal representative subsequently filed an action against Gibson in district court, asserting four claims: (1) ejectment; (2) declaratory judgment to quiet title to Estate property; (3) trespass; and (4)

unjust enrichment. After the pleadings were served, the personal representative moved for partial judgment on the pleadings with respect to the ejectment claim, arguing that he was the owner of the Gowen property pursuant to the Rule 70(b) Judgment. The personal representative filed his own declaration in support of the motion. In response, Gibson argued (1) that the Rule 70(b) Judgment did not transfer title of the Estate's property to personal representative; (2) that to the extent it was intended to do so, the Rule 70(b) Judgment was invalid; and (3) that the personal representative did not otherwise have the authority to maintain an ejectment action under the Uniform Probate Code ("UPC"). In his reply memorandum, the personal representative argued that in addition to the Rule 70(b) Judgment, the UPC granted him sufficient power over Estate property as the personal representative to maintain an ejectment action for recovery of the property.

On September 30, 2019, the district court held a hearing on the personal representative's motion and subsequently granted partial judgment on the pleadings in favor of the personal representative on the ejectment claim. In its memorandum decision and order, the district court reasoned that the personal representative had the authority to maintain an ejectment action to recover possession of the Gowen Property because the Estate's ownership of the property had been restored and the Rule 70(b) Judgment and UPC provided the personal representative of an estate the same power over estate property "as an absolute owner would have." Shortly thereafter, the district court entered a judgment, certified as final under Idaho Rule of Civil Procedure 54(b), ejecting Gibson from the Gowen Property. Gibson filed a "Motion to Alter or Amend Judgment under Rule 59(e), I.R.C.P." Over a month after filing the motion, he filed a "Memorandum in Support of Motion to Reconsider Court Decision and Motion to Amend Judgment under Rule 59(e), I.R.C.P." Noting the "procedural oddity" of Gibson's filings, the district court treated the motion as both a motion for reconsideration under Idaho Rule of Civil Procedure 11.2 and a motion to alter or amend the judgment under Idaho Rule of Civil Procedure 59(e). The district court denied both motions without a hearing.

Gibson timely appealed.

**B. Vernon III's possession and refusal to vacate the Raymond Property: Case No. CV01-19-10367.**

Since 2006, Vernon K. Smith, III has possessed a residential property in Boise, Idaho (the "Raymond Property") where he lives with his family. Over the years, he has worked to renovate and restore the property. Vernon III does not own the property, but he claims the prior owner,

4

Victoria (his grandmother), gave him permission to reside there. He claims that he now has the permission of Vernon as one of Victoria's heirs.

On December 11, 2018, the personal representative sent a thirty-day notice to Vernon III, terminating any lease or other right that Vernon III had to possess the property. The notice indicated that it would become effective January 31, 2019, and demanded that Vernon III vacate the Raymond Property no later than that date. Despite the personal representative's demands, Vernon III refused to surrender possession or vacate the premises.

Like in the action against Gibson, once the January 31 deadline had passed, the personal representative filed an action against Vernon III asserting four claims: (1) ejectment; (2) declaratory judgment to quiet title to Estate property; (3) trespass; and (4) unjust enrichment. After the pleadings were served, the personal representative moved for partial judgment on the pleadings with respect to the ejectment claim. In support of his motion, the personal representative argued that he was the owner of the Raymond Property pursuant to the Rule 70(b) Judgment and that, irrespective of the judgment, the UPC provided him with the authority as personal representative of the Estate to maintain an ejectment action.

Similar to the action against Gibson, the personal representative also filed his own declaration in support of the motion. In his declaration, the personal representative explained that as long as Vernon III was in possession of the Raymond Property, he would be unable to "collect rent for, sell, or otherwise account for the [property,]" which he needed to do "to exercise [his] duty to administer the Estate on behalf of its heirs." Furthermore, the personal representative explained that he was "charged with liquidating Estate property in an expeditious manner and distributing the same to the Estate's heirs."

The district court held hearings on the motion on December 3, 2019, and January 14, 2020, and subsequently granted partial judgment on the pleadings in favor of the personal representative on the ejectment claim. Applying reasoning similar to that in the action against Gibson, the district court determined that the personal representative had the authority to maintain an ejectment action to recover possession of the Raymond Property because the Rule 70(b) Judgment made him the owner of the property in his capacity as personal representative of the Estate. The district court further reasoned that the UPC provided the personal representative of the Estate with "the same power over the title to the property of the estate that an absolute owner would have," which included the authority to bring an ejectment action against Vernon

III. On February 28, 2020, the district court entered a judgment, certified as final under Idaho Rule of Civil Procedure 54(b), ejecting Vernon III from the Raymond Property.

Vernon III timely appealed.

### C. VK Law's possession and refusal to vacate the VK Law Property: Case No. CV01-19-20686.

Since approximately 1971, VK Law has operated out of a portion of a mixed-use building situated on real property commonly known as 1900 West Main Street, Boise, Idaho (the "VK Law Property"). VK Law is a law firm owned and operated wholly by Vernon. VK Law does not own the VK Law Property, but Vernon has operated several iterations of the firm out of an office within the building for nearly fifty years.

On September 11, 2019, the personal representative sent a thirty-day notice to VK Law, terminating any lease or other right that the firm had to possess the VK Law Property. The notice indicated that it would become effective October 31, 2019, and demanded that VK Law vacate the VK Law Property no later than that date. Despite the personal representative's demands, VK Law refused to surrender possession or vacate the premises.

Once the October 31 deadline had passed, the personal representative filed an action against VK Law asserting four claims: (1) ejectment; (2) declaratory judgment to quiet title to Estate property; (3) trespass; and (4) unjust enrichment. Like in the other cases, after the pleadings were served, the personal representative moved for partial judgment on the pleadings with respect to the ejectment claim. The personal representative argued that he was the owner of the VK Law Property pursuant to the Rule 70(b) Judgment and that, irrespective of the judgment, the UPC provided him with the authority as personal representative of the Estate to maintain an ejectment action against VK Law.

Like in the other actions, the personal representative filed his own declaration in support of the motion. The declaration was nearly identical to his declaration in the Vernon III case, explaining that VK Law's possession of the VK Law Property prevented him from "collect[ing] rent for, sell[ing], or otherwise account[ing] for" the properties. He claimed that he needed to do so "to exercise [his] duty to administer the Estate on behalf of its heirs." Finally, the personal representative again explained that he was "charged with liquidating Estate property in an expeditious manner and distributing the same to the Estate's heirs."

On May 5, 2020, the district court held a hearing on the motion and subsequently granted partial judgment on the pleadings in favor of the personal representative as to the ejectment

6

claim. Like in the actions against Gibson and Vernon III, the district court determined that the personal representative had the authority to maintain an ejectment action to recover possession of the VK Law Property. Specifically, the district court reasoned that, under the UPC, the personal representative held "the same power over the [VK Law Property] that an absolute owner would have." The district court further reasoned that the Rule 70(b) Judgment gave him sufficient power of ownership to maintain an ejectment action. Accordingly, on June 11, 2020, the district court entered a judgment, certified as final under Idaho Rule of Civil Procedure 54(b), ejecting VK Law from the VK Law Property.

VK Law timely appealed.

## II. ISSUE ON APPEAL

Did the district courts err in granting partial judgment on the pleadings in favor of the personal representative in each ejectment action after determining that an estate's personal representative has the authority to eject an unwanted party from estate property?

## III. STANDARD OF REVIEW

"After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." I.R.C.P. 12(c). On such a motion, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Idaho Rule of Civil Procedure] 56 [where] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." I.R.C.P. 12(d). "A judgment on the pleadings is reviewed under the same standard as a ruling on summary judgment." *State v. Yzaguirre*, 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007) (citing *Trimble v. Engelking*, 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997)). A grant of summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "For purposes of a motion for judgment on the pleadings, the moving party admits all the allegations of the opposing party's pleadings and also admits the untruth of its own allegations to the extent they have been denied." *Yzaguirre*, 144 Idaho at 474, 163 Idaho at 1186 (citation omitted). Where there are no disputed issues of material fact, the remaining question is one of law, over which this Court exercises free review. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994) (citing *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994)).

## IV.     ANALYSIS

In an ejectment action, the plaintiff must prove three elements: (1) ownership of the property, (2) possession by the defendant, and (3) refusal to surrender possession by the defendant. *Pro Indiviso, Inc. v. Mid-Mile Holding Tr.*, 131 Idaho 741, 745, 963 P.2d 1178, 1182 (1998) (citing *Petty v. Petty*, 70 Idaho 473, 479–80, 223 P.2d 158, 161–62 (1950)). Furthermore, the plaintiff "must recover upon the strength of his own title, and not upon the weakness of that of his adversary." *Miller v. Lewiston-Clarkston Canning Co.*, 35 Idaho 669, 673, 209 P. 194, 195 (1922) (citation omitted).

As to the second and third elements, Gibson and Vernon III concede that they are in possession of the Gowen and Raymond Properties and have refused to surrender such possession. VK Law, on the other hand, makes several vague statements in its briefing to the effect that Vernon himself is in possession of the VK Law Property, as opposed to the law firm. VK Law also states at one point that Vernon "wants the entities to remain in possession of the property." However, VK Law has not argued that the district court erred in finding that the firm is in possession of the VK Law Property, nor does VK Law cite any authority that would support the position that a limited liability company or professional corporation does not possess real property when it maintains offices on the property and conducts its business therefrom. In fact, other than several vague statements to the effect that VK Law is operating on the property through Vernon's possession, VK Law fails to make a cogent argument on the possession element. Therefore, we will not consider the issue because it has not been properly raised on appeal. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975) ("Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court.")).

Therefore, the remaining issue in each case is whether the district court correctly determined that the personal representative had satisfied the ownership element of an ejectment action.

### A.  The Rule 70(b) Judgment is valid.

We begin by addressing the effect of the Rule 70(b) Judgment, entered by the magistrate court in the estate proceedings, which was discussed at length by the parties in the ejectment actions before the district courts and before this Court on appeal.

8

Idaho Rule of Civil Procedure 70(b) allows a court to enter a judgment divesting any party's title to real or personal property and vesting it in another. The Rule 70(b) Judgment that was entered in the estate proceedings divested Vernon, his sister, and any entities controlled by them of any interest in Victoria's property and vested such property in the personal representative of the Estate in his capacity as personal representative.[3]

Appellants would have us draw a distinction between the personal representative of the Estate and the Estate itself, arguing that the language of the Rule 70(b) Judgment purports to vest ownership of the properties in the personal representative, as opposed to placing them back within the Estate. Based upon this distinction, Appellants argue that the Rule 70(b) Judgment is void because the magistrate court did not have the authority to grant ownership of the property to the personal representative. However, the district courts did not make such a distinction in describing the Rule 70(b) Judgment in each ejectment action below.

For example, in the memorandum decision in the ejectment action against Gibson, the district court explained that the Gowen Property was owned by the Estate, but later stated that the Rule 70(b) Judgment "clearly gives [the personal representative] ownership of the Gowen Property[.]" In the action against Vernon III, the district court explained that the personal representative of the Estate sought to eject Vernon III "from property that is owned by [the Estate]." However, the district court also explained that, pursuant to the UPC and the Rule 70(b) Judgment, the personal representative was the owner of the Raymond Property "in his capacity as the personal representative of [the Estate]." Finally, in the action against VK Law, the district court simply stated that, pursuant to the UPC and the Rule 70(b) Judgment, the personal representative was either the "owner" of the VK Law Property "and/or [held] the same power that an owner would have over the same." Thus, in each case, the district courts referred to the property as being owned by the Estate and/or the personal representative interchangeably.

After the magistrate court overseeing the estate proceedings invalidated Victoria's will and set aside the property transfers made by Vernon, it entered an order appointing Noah G. Hillen as the Estate's personal representative. The purpose of the subsequently entered Rule 70(b) Judgment was to vest the properties in Hillen in his newly appointed status as personal representative rather than his previous status as the Estate's special administrator. It is of no

---

[3] That Rule 70(b) Judgment was appealed, by Vernon, and upheld by this Court in *Matter of Estate of Smith*, 164 Idaho 457, 432 P.3d 6 (2018).

consequence that the language of the judgment vested the properties in Hillen in his capacity as the personal representative, rather than in the Estate itself. When dealing with third parties, a personal representative is merely a proxy for the estate. He can sue and be sued on behalf of the estate (I.C § 15-3-703(c)), employ appraisers on behalf of the estate (I.C. § 15-3-707), and otherwise conduct business relevant to administration of the estate. *See* I.C. § 15-3-715 (providing personal representatives with the authority to receive or retain assets, exercise the same power as the decedent in the performance of contracts, satisfy charitable pledges made by the decedent, acquire or dispose of estate assets, abandon estate property, enter into leases, and engage in many other activities on behalf of the estate which he represents).

Furthermore, despite Appellants' stance that the Rule 70(b) Judgment somehow divested Vernon of his interest in the Estate as one of Victoria's heirs, the corresponding order makes clear that the judgment was merely clearing title to the properties so that they could be administered as part of the Estate. Thus, Vernon's interest in estate property as an heir to the Estate was unaffected by the Rule 70(b) Judgment. As such, the combined effect of the magistrate court's order and the Rule 70(b) Judgment was to ensure that all of Victoria's property, including the property that had been invalidly transferred by Vernon through his power of attorney, was restored to the Estate for administration by the personal representative. Therefore, we turn to the Uniform Probate Code to determine whether the district court correctly determined that an estate's personal representative has sufficient power over estate property to maintain an ejectment action on the estate's behalf.

## B. The UPC authorizes a personal representative to maintain an ejectment action.

Property administered as part of an estate is governed by the UPC. *See* I.C. §§ 15-1-101 to 15-7-701. Idaho Code sections 15-3-701 to 15-3-721 govern the duties and powers of a personal representative over estate property. Specifically, Idaho Code section 15-3-711 provides that a personal representative's powers include "the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate." In each ejectment action below, the district court reasoned that section 15-3-711 provided the personal representative with sufficient power of ownership over estate property to bring an ejectment action against unwanted parties. We agree.

The objective of statutory interpretation is "to derive the intent of the legislative body that adopted the act." *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015) (quoting *State v.*

*Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013)). Interpretation of a statute begins with its plain language. *Id.* The statute is considered as a whole, with each word being given its "plain, usual, and ordinary meaning[]." *Id.* Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect; the Court need not go beyond the plain meaning of the statute. *Id.*

The plain language of Idaho Code section 15-3-711 directly addresses a personal representative's power over estate property. Though section 15-3-711 does not vest title to estate property in the personal representative, it specifically grants "the same power" over estate property as would be enjoyed by an "*absolute* owner." I.C. § 15-3-711 (emphasis added). Black's Law Dictionary defines "Absolute" as "[f]ree from restriction, qualification, or condition." *Absolute*, Black's Law Dictionary (11th ed. 2019). Thus, the plain meaning of the term "absolute" is unrestricted or without limitation. When something is absolute, there are no conditions attached and its effect remains undiminished. In other words, an individual who has the same power over property as an absolute owner has the same power as an unrestricted owner, whose ownership of the property has no qualifications, limitations, or conditions. Therefore, for the duration of his appointment, a personal representative has effectively the same power as an owner would have. An absolute owner would undoubtedly have sufficient power over his own property to maintain an action for ejectment. Thus, the plain language of Idaho Code section 15-3-711 provides a personal representative with sufficient power of ownership over estate property to maintain an ejectment action on the estate's behalf.

Though we need not look beyond the plain language of the statute to resolve this case, we note that the official comment to section 15-3-711 confirms our reading of the plain language of the statute. The official comment states:

> The personal representative is given the broadest possible "power over title". [sic] He receives a *"power"*, [sic] rather than title, because the power concept eases the succession of assets which are not possessed by the personal representative. Thus, if the power is unexercised prior to its termination, its lapse clears the title of devisees and heirs . . . . *The power over title of an absolute owner is conceived to embrace all possible transactions which might result in a conveyance or encumbrance of assets, or in a change of rights of possession.* The relationship of the personal representative to the estate is that of a trustee . . . . Interested persons who are apprehensive of possible misuse of power by a personal representative may secure themselves by use of the devices implicit in the several sections of Parts 1 and 3 of this Article. See especially Sections 3-501, 3-605, 3-607 and 3-611.

11

I.C. § 15-3-711 cmt. (emphasis added). The comment elaborates on what is meant by "the same power" as an "absolute owner," describing the power of a personal representative as "the broadest possible 'power over title.'" *Id.* Furthermore, the comment explains that the power of an absolute owner is conceived to include "all possible transactions which might result . . . in a change of rights of possession." *Id.* An action for ejectment is precisely such an action.

In addition to section 15-3-711, Idaho Code section 15-3-709 expressly provides that, "every personal representative has a right to, and shall take possession or control of, the decedent's property" if in his personal judgment, possession by him is necessary for the purposes of estate administration. The section further explains that a personal representative "may maintain an action to recover possession of property[.]" I.C. § 15-3-709. An ejectment action is the quintessential action to recover possession of property. *See* 28A C.J.S. *Ejectment* § 1 (2021). Therefore, Idaho Code section 15-3-709 further clarifies that a personal representative may pursue an ejectment action to recover possession of estate property.

Faced with the plain language of the statute, Appellants make two arguments, both of which are unpersuasive. First, Appellants argue that, under section 15-3-101 of the UPC, title to estate property vests in the heirs of the decedent immediately upon her death. Indeed, Idaho Code section 15-3-101 provides that "[u]pon the death of a person, his separate property devolves to the persons to whom it is devised by his last will, or . . . in the absence of testamentary disposition to his heirs[.]" However, the same provision also plainly states that devolution of the decedent's property is "subject to . . . administration." I.C. § 15-3-101.

Appellants also cite to *Lemp v. Lemp*, which predates the enactment of the UPC, in support of this argument. 32 Idaho 397, 184 P. 222 (1919). To the extent that it conflicts with the UPC, this Court's opinion in *Lemp* is no longer good law. However, in our view, the case is consistent with the modern statute. Like the UPC, *Lemp* describes the administrator of an estate as holding estate property in trust for its beneficiaries, subject to the estate's administration. *Compare Lemp*, 32 Idaho at 401, 184 P. at 223 (explaining that an estate's administrator or executor "is not the owner of any part of the estate," but "holds it in trust for the parties entitled to it, subject to the purposes of administration"), *with* I.C. § 15-3-101 (describing an intestate estate's property as devolving to the heirs upon death of the decedent, subject to administration). Therefore, both the statute and the case law cited by Appellants plainly state that any interest that

12

vests in an estate's heirs upon the death of the decedent is nonetheless subject to the personal representative's power of administration.

Second, Appellants argue that the UPC limits the authority of a personal representative by requiring him to act only to the extent "necessary for the administration of [the] property in the interests of creditors and other interested persons." They cite to Idaho Code sections 15-3-703, 15-3-709, and 15-3-711 in support of their argument. Indeed, a personal representative owes fiduciary duties to the beneficiaries of an estate, such as exercising his authority under the UPC in the beneficiaries' best interest. I.C. § 15-3-703. However, Appellants are not beneficiaries or creditors of the Estate. The duties owed by personal representatives under Idaho Code section 15-3-703 are owed to creditors and other parties interested in the Estate's administration, not unwanted possessors of the Estate's property. *See id.* Therefore, Idaho Code section 15-3-703 does not establish any duty owed to Appellants.

Furthermore, when it comes to recovering possession of estate property, section 15-3-709 provides a personal representative with discretion in deciding whether to take possession of estate property or to leave it in the possession of an individual who is presumptively entitled to possession. That statute provides:

> Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, except that any real property or tangible personal property *may* be left with or surrendered to the person presumptively entitled thereto unless or until, *in the judgment of the personal representative*, possession of the property by him will be necessary for purposes of administration . . . .

I.C. § 15-3-709 (emphasis added). Use of the word "may" and the phrase "in the judgment of the personal representative" in describing a personal representative's power to allow continued possession of or recover possession of property demonstrates a clear intent that the personal representative has discretion in exercising that power. Thus, the decision of whether to leave Appellants in possession of the Estate properties was one for the personal representative to make.

Finally, Appellants argue that the personal representative's decision to eject them from the Estate's properties constitutes a breach of fiduciary duties owed to Vernon as an heir under Idaho Code section 15-3-703. However, we decline to discuss whether the personal representative's conduct gives rise to a breach of fiduciary duties claim because the issue is not before this Court on appeal. The sole claim in each case upon which the district courts granted partial judgment on the pleadings was for ejectment. The corresponding judgments, certified as

13

final pursuant to Idaho Rule of Civil Procedure 54(b), only address Elsaesser's ejectment claims. Therefore, we will not opine as to any potential breach of fiduciary duties claim.

In sum, the plain language of the UPC grants a personal representative sufficient power over title to estate property to bring an ejectment action on the estate's behalf. Accordingly, the district courts did not err in entering partial judgment on the pleadings in favor of the Estate's personal representative.

## C. Attorney's fees on appeal.

Elsaesser requests attorney's fees on appeal in all three cases pursuant to Idaho Code section 12-121. Appellants argue that no party is entitled to attorney's fees on appeal.

Idaho Code section 12-121 allows for the award of attorney's fees where a case is "brought, pursued or defended frivolously, unreasonably or without foundation." "An action is frivolous and unreasonable 'when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law.'" *Wilson v. Mocabee*, 167 Idaho 59, 70, 467 P.3d 423, 434 (2020) (quoting *Clark v. Jones Gledhill Fuhrman Gourley, P.A.*, 163 Idaho 215, 230, 409 P.3d 795, 810 (2017)). "Fees will generally not be awarded when good faith arguments are made on appeal." *Id.*

We conclude that this appeal was pursued frivolously, unreasonably or without foundation. Each of the Appellants, Gibson, Vernon III, and VK Law, made nearly identical arguments on appeal. Appellants' arguments regarding the powers of a personal representative over estate property were so plainly contradicted by the UPC that even the most basic reading of the statute renders them untenable. Accordingly, we award attorney's fees to Elsaesser in each of the three consolidated appeals discussed in this opinion.

## V. CONCLUSION

Based on the foregoing, the district courts did not err in granting partial judgment on the pleadings in favor of the Estate's personal representative in each ejectment action. Accordingly, the district courts' judgments ejecting Gibson from the Gowen Property, ejecting Vernon III from the Raymond Property, and ejecting VK Law from the VK Law Property are affirmed. Costs and attorney's fees are awarded to Elsaesser in each case.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and Justice Pro Tem HORTON **CONCUR.**