# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 48195

CHRIS MANNING, individually; DENNIS
PIATT, individually; ENRIQUE
QUILANTAN, individually; LISA LOPEZ,
individually; and on behalf of all others
similarly situated,

    Plaintiffs-Appellants,

v.

MICRON TECHNOLOGY, INC., a Delaware
corporation,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2021 Term

Opinion Filed: March 9, 2022

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Melissa Moody, District Judge.

The decision of the district court is affirmed.

Rossman Law Group, PLLC, Boise, for appellants Chris Manning, Dennis Piatt, Enrique Quilantan and Lisa Lopez. Eric S. Rossman argued.

Stoel Rives LLP, Boise, for respondent, Micron Technology, Inc. W. Christopher Pooser argued.

_____

STEGNER, Justice.

This appeal arises from the district court's grant of summary judgment in favor of Micron Technology, Inc. (Micron). The case arose when four Micron employees (the Employees) filed a class action complaint against Micron on June 13, 2019, asserting violations of the Idaho Wage Claim Act. At the time, Micron had in place a compensation plan called the Incentive Pay Plan (IPP), in which eligible employees could earn yearly bonuses based on a number of performance metrics. The Employees alleged that the bonuses they received on November 23, 2018, for Micron's 2018 fiscal year should have been greater.

Micron filed a motion for summary judgment, arguing that the Employees' complaint was time-barred by Idaho Code section 45-614. Micron argued that section 45-614's six-month statute

1

of limitations applied to the Employees' complaint because they sought "additional wages," as opposed to "unpaid wages." The district court granted Micron's motion for summary judgment. The Employees timely appealed, arguing that the two-year statute of limitations applies. We affirm the decision of the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Chris Manning, Dennis Piatt, Enrique Quilantan, and Lisa Lopez (the Employees) are current employees of Micron and were employees during the entirety of Micron's 2018 fiscal year. Micron employed a performance-based annual bonus plan, the Incentive Pay Plan (IPP or the Plan), which provided additional compensation for employees following the end of the fiscal year based on several performance metrics including the company's annual performance goals as well as each individual employee's performance. Micron also compensated its employees regularly every two weeks throughout the year at a rate that exceeded the federal minimum wage.

According to the IPP in effect for Micron's 2018 fiscal year, the Plan was "designed to (1) improve overall Company performance through the establishment of goals and reward appropriately for attainment of those goals; and (2) attract, retain, and reward eligible Team Members by providing incentives that drive financial performance and business objectives critical to the Company's overall success." Under the "Performance Periods" heading, the IPP states:

> Awards under the Plan are based on the attainment of applicable corporate, shared[,] and individual goals for specified performance periods, which typically follow the Company's fiscal year (quarter, half-year, or annual). Different goals and different individuals may have different performance periods. The performance period is specified in your goal communication. Any performance periods may be altered by the CEO in his or her sole and absolute discretion at any time, including after the applicable period has started.

The "payment date" for the IPP bonus was "the first practical payroll date following certification of results."

Jill Chris, Micron's corporate representative, stated during her deposition that the performance period for "all IPP participants" was Micron's "fiscal year [20]18," which ran from September 1, 2017, through August 31, 2018.[1] Chris also clarified that "[p]erformance outside of the fiscal year [2018] was not considered for FY 18 IPP." It is undisputed that the fiscal year 2018

---

[1] Chris repeatedly referred to the last day of Micron's fiscal year as August 30, 2018. However, it appears this was a misstatement as several documents in the record confirm that the last day of the fiscal year was August 31, 2018.

IPP bonuses were paid out on November 23, 2018, roughly three months after the end of fiscal year 2018.

The Employees alleged in their complaint that because Micron enforced a "mandatory distribution quota" in awarding bonuses for fiscal year 2018, in contravention of Micron's usual policy, their annual performance ratings were improperly decreased, leading to smaller IPP bonuses than were due. Manning received an annual performance rating of "3" out of a possible "5." As a result, his IPP payout totaled $33,158.83. Manning alleges that his bonus should have been $18,000 greater than what he received due to the decreased performance rating. Piatt received a "2" rating, and his IPP payout totaled $4,853.71. Piatt alleges that his bonus should have been $8,500 greater than what he received. Quilantan received a "3" and his IPP payout totaled $11,123.13. Quilantan alleges that his bonus should have been $4,400 greater than what he received. Finally, Lopez received a "2" and her IPP payout totaled $1,826.98. Lopez alleges that her bonus should have been $3,392.96 greater than what she received.

## B. Procedural History

On June 13, 2019, Manning filed a class action complaint against Micron. The complaint alleged that Micron violated the Idaho Wage Claim Act by (1) breaching the covenant of good faith and fair dealing, and (2) committing fraud.

In response, Micron filed an Idaho Rule of Civil Procedure 12(b)(6) motion to dismiss the Employees' complaint and a Rule 12(f) motion to strike the class allegations. Micron first argued that Manning did not have standing to represent employees who received a rating of "2," because Manning himself had received a "3." Micron also argued that Idaho Code section 45-614 barred Manning's complaint because the six-month statute of limitations had run. Micron next contended that Manning failed to plead fraud with particularity, as required by Idaho law. Before a hearing on Micron's motion, Manning filed an amended complaint, this time additionally naming the three other employees (Piatt, Quilantan, and Lopez) who were rated either a "2" or "3." The district court denied Micron's motion to strike and motion to dismiss. Micron subsequently filed an answer to the Employees' complaint on September 23, 2019, which also included several affirmative defenses.

In the interim, the parties filed a proposed joint scheduling order, agreeing to conduct limited discovery on the statute of limitations issue. The parties also agreed that this "phase one" of discovery would "culminate with the filing of Micron's Motion for Summary Judgment on

Statute of Limitations." If the district court granted Micron's motion for summary judgment on that issue, the parties stipulated that the Employees' "entire action will be dismissed with prejudice." The district court adopted the parties' proposed order.

After limited discovery was conducted on the statute of limitations issue, Micron moved for summary judgment, again alleging that the Employees' complaint was time-barred by Idaho Code section 45-614. Micron filed several exhibits with its motion, including declarations from (1) Rick Bergstrom (counsel for Micron), (2) Jill Chris (Micron's corporate representative), (3) Lance Harris (Manning's supervisor), (4) Ping Digaum (Piatt's supervisor), (5) Jim Miller (Quilantan's supervisor), and (6) Carolyn Meador (Lopez's supervisor). A copy of Chris's deposition transcript was also attached, as well as the IPP in effect for fiscal year 2018, reward letters, pay stubs, and performance reviews for each named employee-plaintiff. Each of the Employees' supervisors declared that their performance review of each respective employee was based solely on work performed during the 2018 fiscal year.

In its motion, Micron argued that because the Employees sought "additional wages," the six-month statute of limitations set forth in Idaho Code section 45-614 barred their claims. Micron asserted that the Employees had not raised a genuine issue of material fact during the limited discovery phase, and, as such, their complaint should be dismissed. The Employees opposed Micron's motion for summary judgment, arguing that the "default" statute of limitations for wage claims was two years, and unless Micron could "demonstrate, as a matter of law, that the six-month statute of limitations applie[d]," the default two-year limitation period was applicable.

The parties argued the motion on June 22, 2020. The district court issued an order granting Micron's motion for summary judgment on June 24, 2020. The district court concluded that the Employees' cause of action accrued when they were paid their IPP bonuses on November 23, 2018. The district court also concluded that the six-month statute of limitations set forth in Idaho Code section 45-614 applied to the Employees' claims because they sought "additional wages" in the form of greater IPP bonus payouts. The district court further concluded that the IPP bonuses were attributable to the 2018 fiscal year, which is a pay period.

The Employees timely appealed.

## II.    STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Purdy v. Farmers Ins. Co. of Idaho*, 138 Idaho 443, 445, 65

4

> P.3d 184, 186 (2003). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

*Ware v. City of Kendrick*, 168 Idaho 795, 798, 487 P.3d 730, 733 (2021) (quoting *Estate of Becker v. Callahan*, 140 Idaho 522, 525, 96 P.3d 623, 626 (2004)).

This Court freely reviews questions of statutory interpretation. *Florer v. Walizada*, 168 Idaho 932, 935, 489 P.3d 843, 846 (2021).

### III.   ANALYSIS

**A. The district court did not err in granting summary judgment in favor of Micron because the Employees are seeking "additional wages."**

This case primarily turns on the application of Idaho Code section 45-614, which sets the statute of limitations on wage claims under the Idaho Wage Claim Act. *See* I.C. §§ 45-601–621. The Employees claim that the two-year statute of limitations applies because they are claiming wages "not attributable to any particular pay period." Alternatively, Employees contend that they claim "unpaid wages due fifteen days after the end of Fiscal Year 2018 and the November 2018 payments were merely late partial payments of amounts owed." Micron, in response, argues that the six-month statute of limitations applies because "each Appellant was paid a [fiscal year 20]18 IPP bonus but claims a larger bonus amount and thus seeks additional wages, not unpaid wages."

The Idaho Wage Claim Act defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece[,] or commission basis." I.C. § 45-601(7). "Wages earned over a longer period of time [than one month], such as an annual bonus based upon net profits, will come due during a specific calendar month and are covered by the statute." *Paolini v. Albertson's Inc.*, 143 Idaho 547, 549, 149 P.3d 822, 824 (2006); *see also Savage v. Scandit Inc.*, 163 Idaho 637, 642, 417 P.3d 234, 239 (2018) ("Bonuses fall under the definition of wages and are subject to the mandatory trebling statute if they are not paid when they are due."). Furthermore, so long as an employer pays its employees a minimum wage for all hours worked at least once a month, the terms of any additional compensation may be negotiated between the employer and the employee. *Smith v. Kount, Inc.*, 169 Idaho 460, 463, 497 P.3d 534, 537 (2021).

Idaho Code section 45-614 sets forth a two-year statute of limitations for claims of "unpaid" wages, but if an employee seeks "additional" wages, a claim must be brought within six months:

> Any person shall have the right to collect wages, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be filed either with the department or commenced in a court of competent jurisdiction within two (2) years after the cause of action accrued, provided, however, that *in the event salary or wages have been paid to any employee and such employee claims additional salary, wages, penalties or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment, any action therefor shall be commenced within six (6) months from the accrual of the cause of action.* It is further provided that if any such cause of action has accrued prior to the effective date of this act, and is not barred by existing law, action thereon may be commenced within six (6) months from the effective date of this act. In the event an action is not commenced as herein provided, any remedy on the cause of action shall be forever barred.

I.C. § 45-614 (2018) (italics added).[2] "A cause of action for the collection of wages accrues when an employee has a right to collect the wages that are allegedly owed to him." *Callenders, Inc. v. Beckman*, 120 Idaho 169, 174, 814 P.2d 429, 434 (Ct. App. 1991).

1. <u>Micron's 2018 fiscal year is the pay period for the 2018 IPP bonus.</u>

The district court concluded that the "undisputed facts indicate that the IPP bonus was based on work performed in the 2018 fiscal year; the pay period is the 2018 fiscal year." In doing so, the district court noted that Micron's annual bonus program was distinguishable from the severance pay package described in *Johnson v. Allied Stores, Inc.*, 106 Idaho 363, 368, 679 P.2d 640, 644 (1984), or the retirement benefits package discussed in *Latham v. Haney Seed Co.*, 119 Idaho 412, 414, 807 P.2d 630, 632 (1991), because Micron's fiscal year IPP bonus was not earned over the "entire course of the employment relationship."

On appeal, the Employees first argue that the IPP payout was not attributable to a specific pay period: "Nothing in the way in which [Micron] established, calculated, and paid the IPP bonus is consistent with the bonus being paid for a specific 'pay period' as that term is used in the Idaho Wage Claim Act." Because there was no "pay period" for the IPP payment, Employees contend

___

[2] During this litigation, Idaho Code section 45-614 was amended. *See* H.B. 113, 65th Leg., 1st Reg. Sess. (Idaho 2019). The amendment, which went into effect on July 1, 2019, changed the six-month statute of limitations for additional wages to twelve months. *See id.*; I.C. § 45-614 (2021). It is undisputed that at the time the Employees filed their complaint on June 13, 2019, the six-month statute of limitations was in effect.

that their claims are for "unpaid wages," and the two-year statute of limitations applies. The Employees assert that the IPP bonus was "earned over multiple established pay periods," and, as such, "falls clearly within the general" two-year statute of limitations.

In response, Micron asserts that the pay period for the 2018 IPP was the 2018 fiscal year. Micron notes that the Employees concede this point by admitting that "the IPP bonus payments made on November 23, 2018, *exclusively* compensated work performed during FY 18." (Italics in original.) Micron points to Chris's deposition testimony as well as the declarations of the Employees' respective supervisors acknowledging that the performance reviews and IPP payouts for 2018 compensated only work performed during the 2018 fiscal year.

The six-month statute of limitations in Idaho Code section 45-614, which was in effect at the time, applies when an employee claims additional wages "for a *specific pay period* from which an employee has already received some payment of salary or wages." *Johnson*, 106 Idaho at 367, 679 P.2d at 644 (italics in original). "Any person has the right to collect wages provided by law or pursuant to an employment contract, but the action to collect those wages must be commenced within six months after the cause of action accrues if the claim is for *wages additional to those already paid*." *Callenders, Inc.*, 120 Idaho at 173–74, 814 P.2d at 433–34 (italics added).

"Under I.C. § 45-608, an employer is required to adhere to a schedule paying its employees at least once a month." *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2005). "Beyond that, the Wage Claim Act does not place any limitations on the ability of the employer and employee to contract for the terms of the employee's compensation." *Id.*

Employees contend that their IPP payouts are like severance packages and retirement benefits. In *Johnson*, this Court concluded that severance pay packages are "not attributed to, or earned in a specific pay period," but are instead "earned over the entire course of the employment relationship." 106 Idaho at 367, 679 P.2d at 644. Similarly, in *Latham*, this Court held that retirement benefits "were not attributed to nor earned in a specific pay period" because the "cash value of the policies increased each year, but the benefits to which Latham was entitled were earned over the entire course of the employment relationship[.]"119 Idaho at 414, 807 P.2d at 632.

Because the IPP bonus was earned over a specific period, i.e., Micron's 2018 fiscal year, the wages due were attributable to a specific pay period. It is undisputed that the Employees received their IPP bonuses on November 23, 2018, in addition to their regular, bi-weekly wages for that regular pay period. It is also undisputed that the 2018 IPP bonus only compensated the

Employees for work done during the 2018 fiscal year; the IPP bonus was paid out approximately three months after the conclusion of the 2018 fiscal year (which ended August 31, 2018). Chris testified, and the IPP document itself corroborates, that this delay was due to the time needed for the company to calculate and certify individual awards based on both the company's profitability as well as the individual employee's performance rating.

The Employees even concede in their opening brief that the IPP bonus compensated only work done during the 2018 fiscal year. They state: "Consistent with the plan, the IPP bonus payments made on November 23, 2018 exclusively compensated work performed during FY 18, which concluded on August 3[1], 2018[.]" The Employees have not shown that there is a genuine question of material fact that the 2018 IPP bonus payout was not attributed to a particular pay period. *See* I.R.C.P. 56(a). As such, the applicable pay period for the 2018 IPP bonus was Micron's 2018 fiscal year.

2. The Employees' claims are time-barred by Idaho Code section 45-614.

The Employees are seeking "additional wages" within the meaning of the six-month statute of limitations contained in Idaho Code section 45-614. The plain language of the statute supports this outcome:

> [I]n the event that salary or wages *have been paid* to any employee and such employee claims additional, salary, wages, penalties, or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment, any action therefor shall be commenced within six (6) months from the accrual of the cause of action.

I.C. § 45-614 (2018) (italics added); *see also Elsaesser v. Gibson*, 168 Idaho 585, 593, 484 P.3d 866, 874 (2021). "Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect; the Court need not go beyond the plain meaning of the statute." *Elsaesser*, 168 Idaho at 593, 484 P.3d at 874. Idaho Code section 45-614 is unambiguous; it clearly defines instances where the six-month statute of limitations applies as opposed to the two-year statute of limitations. If a portion of the disputed wages have already been paid, and an employee claims an additional amount to what has already been paid, the six-month limitations period applies. Accordingly, we will look no further than the statute's plain language in order to conclude that the Employees seek "additional" wages within the meaning of section 45-614.

Here, the Employees each received IPP bonus payouts on November 23, 2018, for work performed exclusively during the 2018 fiscal year. Therefore, it is undisputed that each employee "ha[d] been paid" wages attributable to the pay period. I.C. § 45-614. Now, on appeal, each

8

employee alleges that they should have received greater bonus payouts. If such an "employee claims *additional* salary, wages, penalties, or liquidated damages, because of work done or services performed during his employment for the pay period covered by said payment," then an action for those additional wages must be brought within six months. *Id.* (italics added). The Employees are seeking wages *in addition to* those they already received. Consequently, the six-month statute of limitations applies to their claims.

Because the six-month statute of limitations applies to Employees' claims, the Employees' claims are time-barred. The Employees' cause of action accrued when they received their 2018 IPP bonus on November 23, 2018. *See Callenders, Inc.*, 120 Idaho at 174, 814 P.2d at 434. There is no dispute that if the six-month statute of limitations applies, the Employees' claims are too late to afford them a recovery. Accordingly, the Employees' claims are time-barred by Idaho Code section 45-614. We affirm the district court's grant of summary judgment in favor of Micron. Because we conclude that the district court properly held that the Employees' claims were time-barred, we need not consider the Employees' additional arguments.

## B. The Employees are not entitled to attorney fees and costs on appeal.

The Employees argue that they are entitled to attorney fees and costs on appeal pursuant to Idaho Code section 45-615(2). Section 45-615(2) requires that a "judgment [be] rendered. . . for the plaintiff." I.C. § 45-615(2). Because the Employees have not prevailed, they are not entitled to attorney fees or costs.

Micron is entitled to costs on appeal as a matter of right. I.A.R. 40(a).

## IV.    CONCLUSION

The district court's order granting summary judgment in favor of Micron is affirmed. Costs are awarded to Micron.

Chief Justice BEVAN, Justices BRODY, MOELLER and ZAHN CONCUR.