# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48980

KUNA RURAL FIRE DISTRICT, a
fire protection district organized and
existing, pursuant to Chapter 14, Title
31, Idaho Code,

    Plaintiff-Appellant,

v.

PUBLIC EMPLOYEE RETIREMENT
SYSTEM OF IDAHO BOARD, an
Administrative agency of the State
of Idaho,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2022 Term

Opinion filed:  July 1, 2022

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jason D. Scott, District Judge.

The district court judgment is affirmed.

White, Peterson, Gigray & Nichols, P.A., Nampa, attorneys for Appellant. Marc Bybee argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for Respondent. Scott Zanzig argued

_____

BEVAN, Chief Justice

    This appeal arises from conflicting interpretations of the statutory provisions that govern the Public Employee Retirement System of Idaho ("PERSI") and the administration of employer contributions to the Firefighters' Retirement Fund ("FRF"). Under Idaho Code sections 59-1391 and 59-1394, a city or fire district that "employs" firefighters participating in the FRF on October 1, 1980, is considered an "employer" and required to make additional contributions to ensure the FRF remains solvent. Having employed only a single firefighter who received funds from the FRF,

1

Kuna Rural Fire District ("KRFD") argues it is not an employer under the code and not required to contribute to the fund because that employee retired in 1985 and received a lump-sum benefit. KRFD notified PERSI of its intent to cease contributions, but PERSI denied this request. KRFD filed a notice of appeal to the PERSI Retirement Board ("Board"). A hearing officer issued a recommended decision concluding KRFD had to continue contributing under section 59-1394. The Board adopted this decision. KRFD petitioned for judicial review under the Idaho Administrative Procedure Act ("IDAPA") with the district court, which affirmed the Board's decision. KRFD timely appeals to this Court. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The relevant facts here are not in dispute. In 1945, the legislature created the FRF to provide for "[t]he retirement, with continuance of pay for themselves, provision for dependents, and pay during temporary disability, and the encouragement of long service in fire fighting service, of paid firefighters becoming aged or disabled in the service of the state or any of its cities or fire districts." I.C. § 72-1401.

But within a few decades, the FRF was significantly underfunded and facing an inability to pay benefits earned by participating firefighters. The legislature addressed the impending insolvency in 1979 with legislation that folded into PERSI "[a]ll of the funds, assets, liabilities, duties, obligations and rights provided for by [the FRF]" effective October 1, 1980. I.C. § 59-1392. Firefighters whose employment began after the legislature folded the FRF into PERSI would be eligible for benefits under PERSI, not the FRF. *See, e.g.*, I.C. § 59-1395. Firefighters who participated in the FRF before it was folded into PERSI would continue to receive benefits from PERSI no less favorable than those promised under the FRF. I.C. § 59-1937.

Still, the FRF-style benefits provided through PERSI had to be funded. Thus, the legislature put part of the funding burden on "employers" to make "additional contributions" to PERSI. I.C. § 59-1394(1)(b). At first, the legislature required "employers" to make additional contributions equal to ten percent of the salaries of their "paid firefighters," but it later gave the Board authority to change the contribution rate as needed. I.C. § 59-1394(1)(b). This rate has fluctuated over the years based on the Board's use of actuarial data, but it has remained at zero since July 2020 because the Board no longer projects a funding shortfall.

2

When the FRF was folded into PERSI, Eric Maus was KRFD's only "paid firefighter" participating in the FRF. Indeed, he is the only "paid firefighter" ever employed by KRFD who participated in the FRF. Maus left the KRFD in 1985. After he left, Maus requested and received a refund of all his contributions to the FRF, rendering him ineligible for FRF-style benefits. As a result, KRFD has not employed a "paid firefighter" who receives or ever will be eligible to receive FRF-style benefits, since 1985. Even so, having employed Maus on October 1, 1980, KRFD met the 1979 legislation's definition of "employer," which is "a city or fire district that employs paid firefighters who are participating in the [FRF] on October 1, 1980." I.C. § 59-1391(e). For that reason, KRFD is among the "employers" that have made additional contributions to PERSI over the years as set out in section 59-1394. In fiscal year 2019, for instance, its additional contributions totaled $47,200.29. And while Maus retired in 1985, KRFD kept making additional contributions to PERSI during the intervening thirty-seven years—that is, through 2019.

### B. Procedural Background

In October 2019, KRFD notified PERSI's executive director, Don Drum, of its intent to end its additional contributions because it "has no current or former firefighters who qualify for FRF benefits[.]" In response, PERSI contacted the KRFD Fire Chief to propose a meeting, but KRFD declined. Mr. Drum then sent a letter to KRFD on behalf of the Board that characterized KRFD's intent to stop contributions to the FRF as "unlawful and unwarranted." The letter further informed KRFD that it remained obligated to make "additional contributions" so long as there are living FRF beneficiaries; the letter also explained KRFD's right to initiate a contested case by appealing to the Board.

KRFD then filed its appeal with the Board, challenging PERSI's decision as stated in Mr. Drum's denial letter. The Board responded by appointing a hearing officer and scheduling a hearing. The proceedings before the hearing officer were mainly accomplished through written documents, including stipulated facts, affidavits and legal memoranda. In its memoranda before the hearing officer, KRFD argued it was not required to contribute to the FRF under Idaho Code sections 72-1431, 72-1432, or 59-1394; therefore, its request to cease contributions should be granted. While PERSI conceded KRFD did not have to contribute under section 72-1432, it countered that KRFD had to contribute under section 59-1394 because KRFD is an "employer" under section 59-1391(e).

3

The hearing officer issued her recommended decision. She agreed with PERSI, finding that KRFD is an "employer" under section 59-1391(e) and obligated to make additional contributions under the statute because on October 1, 1980, KRFD employed Maus, a paid firefighter, who was then participating in the FRF. She concluded that "employer" status was fixed on October 1, 1980; it does not change over time with employment changes such as Maus's 1985 separation.

KRFD moved for reconsideration, which the hearing officer denied. KRFD then filed exceptions to the recommended decision for the Board's consideration. The Board issued a final order adopting the recommended decision. Having exhausted its administrative remedies, KRFD sought judicial review under IDAPA and petitioned for judicial review with the district court. The district court affirmed the hearing officer's interpretation of the statute and affirmed the Board's final order. KRFD timely appeals.

## II. STANDARD OF REVIEW

"In an appeal from a district court where the court was acting in its appellate capacity under the Idaho Administrative Procedure Act [IDAPA], we review the decision of the district court to determine whether it correctly decided the issues presented to it." *Elgee v. Ret. Bd. of Pub. Emp. Ret. Sys. of Idaho*, 169 Idaho 34, 490 P.3d 1142, 1147–48 (2021). The administrative procedure act dictates that a reviewing court affirm an agency's action unless the agency's findings, inferences, conclusions or decisions were:

    (a)    in violation of constitutional or statutory provisions;
    (b)    in excess of the statutory authority of the agency;
    (c)    made upon unlawful procedure;
    (d)    not supported by substantial evidence on the record as a whole; or
    (e)    arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279.

A party challenging an agency decision must also show prejudice to a substantial right. I.C. § 67- 5279(4). "The interpretation of a statute is a question of law this Court reviews de novo." *Alpha Mortg. Fund II v. Drinkard*, 169 Idaho 446, 497 P.3d 200, 203 (2021) (quotations omitted).

## III. ANALYSIS

**We affirm the district court's decision concluding that KRFD is an "employer" under Idaho Code section 59-1391(e) and require KRFD to make payments to the FRF.**

KRFD argues the district court's interpretation of Idaho Code section 59-1391(e) conflicts with the plain language of the statute and contends that the district court's order affirming the Board should be reversed. KRFD maintains that under the correct interpretation of Idaho Code

4

section 59-1391, the statute defines a class of employers as one that *currently* employs firefighters who are eligible to participate in the FRF because they *were* participating on October 1, 1980. KRFD maintains it should no longer have to contribute to the FRF because its only employee eligible to participate in the FRF retired in 1985 and received a refund of all his contributions to the FRF which caused him to become ineligible for FRF benefits. The district court found KRFD was an employer under the statute, with an eligible employee participating in the fund on October 1, 1980; therefore, as an employer, it must make additional contributions to fund FRF benefits under Idaho Code section 59-1394(1)(b). For the reasons below, we affirm the district court's decision.

Interpreting a statute begins with its literal words. Those words must be given their plain, obvious, and rational meaning. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). A statute "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (internal quotations omitted). "However, ambiguity is not established merely because the parties present differing interpretations to the court." *Id*.

On appeal, KRFD urges this Court to apply the plain language of the statute—faulting PERSI and the district court for failing to do so—while insisting this Court examine the grammatical construction of the statute. Though neither KRFD nor PERSI suggest Idaho Code section 59-1391(e) is ambiguous, on appeal, KRFD argues, in part, the interpretation applied by the district court and PERSI, is grammatically flawed because a prepositional phrase should appear next to the verb it modifies—a rule of English this statute arguably offends.[1]

That said, KRFD does not challenge the meaning of the words within the statute. And while we recognize that sentence structure and grammar are legitimate concerns, this Court's aim is to apply the statute as our citizen legislature intended it, not as English or law professors would prefer it to be. Indeed, we must consider "the grammatical construction of the statute as the *legislature intended the statute to be construed* according to generally accepted principles of English grammar," *State v. Collinsworth*, 96 Idaho 910, 914, 539 P.2d 263, 267 (1975) (emphasis added).

---

[1] CHICAGO MANUAL OF STYLE, § 5.178

This ordinarily does not require a technical application of advanced principles of the English language.

As stated above, the statute at issue is Idaho Code section 59-1391(e). The provision defines what employers must pay into the retirement fund:

> DEFINITIONS. As used in sections 59-1391 through and including 59-1399, Idaho Code, each of the terms defined shall have the meaning given in this section or in section 59-1302, Idaho Code, unless a different meaning is clearly required by the context.
>
> . . .
>
> (e) "Employer" means a city or fire district that employs paid firefighters who are participating in the firefighters' retirement fund on October 1, 1980.

I.C. § 59-1391(e). When determining the plain meaning of a statute, "effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant." *Verska*, 151 Idaho at 897, 265 P.3d at 510; *In re Winton Lumber Co.*, 57 Idaho 131, 136, 63 P.2d 664, 666 (1936).

Below, the hearing officer's recommended decision determined KRFD was an "employer" under Idaho Code section 59-1391(e). In applying the statutory provision, the hearing officer explained:

> When giving effect to the entire sentence in Section 59-1391(e) in which the word "employs" is used, it is clear that the term refers to those cities and fire districts who, on October 1, 1980, employed paid firefighters who, at that same point in time, were actively participating in the Firefighters' Retirement Fund. Words and phrases in a statute are construed according to the context and the approved usage of the language.

The Board adopted this application, and the district court affirmed the Board's decision. in doing so the court rejected KRFD's interpretation:

> Beyond respecting grammar rules and not involving a grammatical oddity like KRFD's interpretation, the PERSI Board's interpretation is the commonsense one. Under KRFD's interpretation, once every FRF-eligible firefighter formerly employed by a city or fire district has retired, the city or fire district no longer is obligated to make contributions under section 59-1394 for PERSI's use in paying retirement benefits to FRF-eligible firefighters. Surely the legislature didn't intend for firefighter retirement—the very thing that triggers the onset of retirement benefits—to result in employer absolution from making retirement contributions. By contrast, the legislature reasonably could've intended to require all cities or fire districts employing FRF-eligible firefighters on October 1, 1980, to make retirement contributions for so long as necessary to ensure funding for the

retirement benefits owed to all FRF-eligible firefighters statewide, without regard
to which FRF-eligible firefighters were employed by which cities or fire districts.

KRFD contends this interpretation was based on a flawed analysis because: (1) October 1, 1980 is not the only date that it could be true that the employer currently employs a paid firefighter and the paid firefighter is now participating in FRF; (2) the district court ignored the fact that statutes generally apply only prospectively; and (3) the district court's reading of the statute incorrectly assumed that "employ" is a static verb.

While KRFD correctly notes that Idaho appellate courts may consider dictionary definitions and grammar to determine the meaning of words in a statute, KRFD's grammatical argument delves far deeper into the principles of English and linguistic parlance than plain meaning. We hold that the statute here is not ambiguous. "Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect; the Court need not go beyond the plain meaning of the statute." *Manning v. Micron Tech.*, *Inc.*, __ Idaho __, __, 506 P.3d 244, 250 (2022) (quoting *Elsaesser v. Gibson*, 168 Idaho 585, 593, 484 P.3d 866, 874 (2021).

The plain meaning of Idaho Code section 59-1391(e) defines employers as those city or fire districts that, on October 1, 1980, employed a paid firefighter participating in the FRF. As a result, we will look no further than the statute's plain language to conclude that KRFD was an employer under section 59-1391(e), required to make additional contributions to fund the FRF. KRFD meets this definition because, from 1976 to 1985, it employed Maus, who was participating in the FRF. That Maus later retired and thus KRFD no longer "employs" firefighters is irrelevant The plain language does not exclude entities who, after October 1, 1980, cease employing paid firefighters who are participating in the FRF. The Board so concluded, and its decision was affirmed by the district court. Both decisions were based on the plain language of the statute, and we affirm the district court.

Because we hold the district court properly interpreted the statute, we do not reach the remaining issues raised by the parties on appeal about whether PERSI's interpretation of the statute was entitled to deference or whether PERSI's final order prejudiced KRFD's substantial rights.

## IV. CONCLUSION

For the reasons above, we affirm the district court's decision. Costs are awarded to PERSI under I.A.R. 40(a).

Justices BRODY, STEGNER, MOELLER, and ZAHN **CONCUR**.